UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | 3:19-CR-00063-02-JMK-MMS |
| Plaintiff, | |
| vs. | FINAL REPORT AND RECOMMENDATION ON MOTION TO SUPPRESS [DKT. 137] |
| AVERY JAVIER, | |
| Defendant. | |

## I.  MOTION PRESENTED

In August 2022, Javier's counsel, Rex L. Butler, was appointed under the Criminal Justice Act. 18. U.S.C § 3006A; Dkt. 106. Counsel, in December 2022, timely moved to suppress evidence based on Javier's initial detention. Dkt. 129. This Court held oral argument on Javier's [Dkt. 129] motion in January 2023. Dkt. 134. During oral argument, Javier's counsel unexpectedly argued that a *Brady* violation had occurred in this case. Dkt. 134. The [Dkt. 129] motion was silent as to any alleged Brady violation. Javier's counsel recited *Brady*'s rule as a general principle but, when challenged on this point, was unable to elaborate the factual basis of the *Brady* violation. To ensure that Javier's constitutional rights were well-guarded, this Court invited Javier's counsel to brief the purported *Brady* violations in a separate motion, despite the fact that the pretrial motions deadline had long passed. Dkt. 128; Dkt. 134.

On January 20, 2023, Avery filed a motion captioned "Motion to Suppress Based Violation of Due Process Right as a Result of *Brady* Violation by Police and Request for Evidentiary Hearing" [*sic*]. Dkt. 137. As an initial matter, despite being styled as a motion to suppress, this motion does not articulate precisely what it seeks to suppress. A reasonable assumption is that the defendant is moving to suppress the body camera footage he complains is incomplete, however, the motion does not request that remedy. Rather, it argues that law enforcement acted in bad faith by hiding "impeachment material." The remedy for bad faith suppression of such evidence, is dismissal of the charge. *United States v. Zaragoza-Moreira*, 780 F.3d 971 (9th Cir. 2015). Why the defendant did not request this remedy is unclear. A further point that requires clarification is that both at oral argument and in written pleading, the defendant is at pains to place the blame for the alleged *Brady* violation on law enforcement, while specifically exempting the prosecutors from blame for the purported violation. Dkt. 134, Dkt. 137. This cannot be reconciled with binding Ninth Circuit case law, under which there are three components to a claim of a *Brady* violation: 1) the evidence was favorable to the accused, 2) it was suppressed by the **prosecutor**, 3) it was material. *See e.g.*, *Hein v. Sullivan*, 601 F. 3d 897, 906 (9th Cir. 2010); *see also United States v. Jernigan*, 492 F.3d 1050, 1053 (9th Cir. 2007). Legally, there is no distinction between information known to the government and what is known to law enforcement. What law enforcement knows is imputed to the government. *Kyles v. Whitley*, 514 U.S. 419, 438 (1995).

All that said, parsing the motion reveals that its core undertaking is straightforward: the arresting officer acted in bad faith when he turned off his body cam audio recording to

2

Case 3:19-cr-00063-SLG-MMS   Document 141   Filed 02/01/23   Page 2 of 5

speak with other responding officers or to make phone calls, "because he had something to hide. Javier submits that whatever [the responding officer] was hiding is impeachment material that he did not want the defense to have." Dkt. 137 at 4. The government responds that (1) Javier's counsel has conflated the issues, "as the issue is not whether evidence was destroyed or suppressed, but whether evidence should have been collected"; (2) any purported failure in recording the audio of officer-to-officer communications was not material or committed in bad faith; and (3) the responding officer was instead abiding by law enforcement policy. *See generally* Dkt. 139; Dkt. 139-1.[1]

It is clear that, at this juncture, the lead prosecutor has produced the required *Brady* materials to Javier. Here, the two-hour long, body camera footage recorded the critical events that led to Javier's detention, the events during Javier's detention, and Javier's eventual release at the scene. *See* generally Def. Ex. D-1; Dkt. 138. In other words, the responding officer initiated and maintained the body cam recording to ensure that the relevant conversations and events were properly preserved. *Arizona v. Youngblood*, 488 U.S. 51, 558 (1988). The responding officer turned off his audio recording, but not the video recording, four times to make phone calls or to converse with other responding officers. Dkt. 139 at 5-6. Highly relevant here is that the audio recording was turned back

---

[1] The government also argues that Javier's motion should be denied as untimely, as pretrial motions were due by December 2, 2022. Dkt. 128. "Here, the pending motion to suppress is not based on newly discovered evidence and the Defense has provided no explanation for its failure to meet the pretrial-motions deadline." Dkt. 139. The government, candidly, is correct. Javier's instant motion was filed several weeks late, without explanation, and without leave of the court. This Court could recommend denying the motion on procedural grounds, however, in the interest of ensuring that Javier's due process rights are fully vindicated, this Court will address the merits of the instant motion.

3

Case 3:19-cr-00063-SLG-MMS   Document 141   Filed 02/01/23   Page 3 of 5

on when the responding officer returned to the scene of the investigation, or when initiating contact with a detained individual or witness. *Id.* Indeed, it was standard law enforcement procedure to not record "[c]ommunications with other Officers without the permission of the Chief of Police." Dkt. 139-1 at 3. Javier's counsel is not required to spell out his entire litigation theory, but mere speculation and wholly unsubstantiated claims are not enough to warrant an evidentiary hearing, or to meet a showing of bad faith or materiality. *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000); *Miller v. Vazquez*, 868 F.2d 1116, 1120 (9th Cir. 1989); *United States v. Martinez-Martinez*, 369 F.3d 1076, 1086-87 (9th Cir. 2004). Javier's counsel did not proffer an explanation as to what information he believes the paused portions would have produced, that was not otherwise produced with the two-hour long body camera recording. *United States v. Kohring*, 637 F.3d 895, 902 (9th Cir. 2011) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). Rather he asserts that "it cannot be said that Officer Gebert did not act in bad faith. Only Officer Gebert can establish otherwise." Dkt. 137. Here, Javier's counsel misstates the burden. It is the defendant who bears the burden of proving bad faith. *Martinez*, 369 F.3d at 1086-87 (citing *Youngblood*, 488 U.S. at 58). Having been given latitude to proffer evidence in support of his claim of bad faith, Javier's counsel offers none.

## II. CONCLUSION

This Court hereby issues its Final Report and Recommendation regarding Javier's Motion to Suppress. Dkt. 137. For the reasons above, Javier's Motion to Suppress should be **DENIED**. 28 U.S.C. § 636(b)(1)(B).

DATED this 1st day of February, 2023, at Anchorage, Alaska.

<em>s/ Matthew M. Scoble</em><br>
CHIEF U.S. MAGISTRATE JUDGE

Pursuant to D. Alaska Loc. Mag. R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than the CLOSE OF BUSINESS on February 15, 2023. Failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. Miranda v. Anchondo, et al., 684 F.3d 844 (9th Cir. 2012). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation. United States v. Howell, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed five (5) pages in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before the CLOSE OF BUSINESS on February 22, 2023. The parties shall otherwise comply with provisions of D. Alaska Loc. Mag. R. 6(a). Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).

5

Case 3:19-cr-00063-SLG-MMS   Document 141   Filed 02/01/23   Page 5 of 5